IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LAWRENCE M. NUNN                                                          PLAINTIFF

vs.                               CIVIL NO. 04-2163

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                              DEFENDANT

**MEMORANDUM OPINION**

Lawrence Nunn ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his applications disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were filed on August 23, 2002, alleging an onset date of June 16, 2002, due to pain in the feet, ankles, knees, hips, back, and neck, as well as headaches and hypertension. (Tr. 79-80, 91). An administrative hearing was held on April 24, 2003. (Tr. 26-49). Plaintiff was present, bu was not represented by counsel.

On June 15, 2004, the Administrative Law Judge (hereinafter "ALJ"), issued a written opinion finding that, although severe, plaintiff's hypertension, obesity, and status post right femur reduction did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 19, 21). After discrediting plaintiff's subjective allegations, the ALJ concluded that he maintained the residual functional capacity (hereinafter "RFC"), to perform a full range of sedentary work. (Tr. 21). As such, he utilized the Medical-Vocational Regulations to

determine that plaintiff could still perform work that exists in significant numbers in the national economy. (Tr. 21).

On July 16, 2004, the Appeals Council declined to review this decision. (Tr. 4-6). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties were afforded an opportunity to file appeal briefs, however, plaintiff chose not to do so. (Doc. # 9).

**Evidence Presented:**

At the time of the administrative hearing, plaintiff was forty-three years old and possessed a General Equivalency Diploma. (Tr. 30-31). The record reflects that he has past relevant work ('PRW") experience includes employment as a forklift driver. (Tr. 16, 33).

The pertinent medical records reveal the following. In 1980, plaintiff was injured in an automobile accident, resulting in a fracture to his right femur. (Tr. 170). He was hospitalized for two months and ultimately underwent bone graft surgery. (Tr. 170). However, due to nonunion of the fracture, plaintiff underwent a second bone graft, this time from the left iliac crest, in February 1981. (Tr. 218). Following removal of the fixation device on September 13, 1982, plaintiff was released to return to full activity. (Tr. 188, 209).

In September 1992, plaintiff fell and fractured his right patella. (Tr. 202). As a result, he underwent a partial right patellectomy with repair of the patellar ligament and extensor mechanism. In November 1992, Dr. Long noted full extension and ninety-degrees of flexion in plaintiff's right knee. (Tr. 185). However, plaintiff was given a brace for long-term protection against hyperflexion. (Tr. 185).

2

In June 2000, plaintiff was diagnosed with myositis, which caused back and neck pain. (Tr. 121). Records also indicate that he had a chronic sebaceous cyst on his neck. For this, he was prescribed Relafen. (Tr. 121).

On September 27, 2001, plaintiff underwent a psychological screening through Arkansas Rehabilitation Services. (Tr. 129-130). Records indicate that plaintiff was functioning in the low range of intellectual and academic abilities. However, the therapist did not feel that plaintiff's I.Q. would preclude him from successful job placement, although he would require extensive vocational guidance and counseling. (Tr. 130).

On October 7, 2002, Dr. Jonathan Shermer completed a general physical examination of plaintiff. (Tr. 131-138). He reported a history of a compound fracture to the right femur that necessitated surgery, back pain, and status post knee surgery. (Tr. 131). On examination, Dr. Shermer noted that plaintiff's right leg was 3/4 of an inch shorter than his left, a full range of motion in his cervical and lumbar spine, a full range of motion in plaintiff's extremities, no muscle spasms, no weakness or atrophy, and edema in the right ankle. (Tr. 134-136).

From a mental standpoint, plaintiff reported no psychiatric history. (Tr. 133). Further, on examination, Dr. Shermer noted no psychosis or psychotic symptoms. Therefore, he diagnosed plaintiff with hypertension, obesity, and residual shortening of the right leg 3/4 of an inch due to an old fracture of the right femur. Dr. Shermer indicated that plaintiff's back pain was due to his obesity. (Tr. 137). He then noted that plaintiff would have minimal to moderate limitations in his ability to move about, with minimal to no limitations in all other areas of functioning. (Tr. 138).

AO72A
(Rev. 8/82)

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents his from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

4

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**Discussion:**

We first address plaintiff's argument that the ALJ failed to obtain an effective waiver of counsel from the plaintiff. The Eighth Circuit has determined that proper notice was given in an SSI case where notice of the hearing clearly set forth the plaintiff's right to counsel and plaintiff replied that he desired to proceed on his own behalf. (Tr. 14, 55). *Wingert v. Bowen*, 894 F.2d 296, 298 (8th Cir. 1990). In the present case, plaintiff was informed of his right to obtain counsel in several of the notices sent to him by the Social Security Administration. (Tr. 55, 65, 160-162, 166-167, 168-169). Some of these notices also indicated that upon request, plaintiff could have been sent names of groups that could help him find a lawyer. (Tr. 55, 161, 167). The Court finds that this correspondence satisfies the statutory requirements of 42 U.S.C. § 406. In addition, at the

AO72A
(Rev. 8/82)

administrative hearing, plaintiff was again notified of his right to counsel and indicated that he was aware of this right. (Tr. 14).

While we are cognizant of the fact that intellectual testing conducted in 2001 revealed that plaintiff had low intellectual and academic abilities, we also take note of the fact that the examiner indicated that these limitations would not preclude plaintiff from successful job placement. (Tr. 129-130). Further, plaintiff testified that he was working thirty-five to forty hours per week at Abilities Unlimited at the time of the hearing. (Tr. 32). As such, we do not believe that plaintiff's I.Q. level prevented him for understanding his right to have an attorney represent him regarding this matter. Further, the fact that plaintiff hired an attorney to represent him during his appeal of the ALJ's decision is evidence of his understanding of his right to counsel. Accordingly, plaintiff's argument fails, as he was properly advised of his right to counsel, the possible availability of free counsel, and the fees to which counsel may be entitled.

Next, we address the ALJ's assessment of plaintiff's subjective complaints. The ALJ was required to consider all the evidence relating to plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. *Id*. As the United States Court of Appeals for the

Eighth Circuit recently observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the entire record, we believe that the ALJ adequately evaluated the factors set forth in *Polaski*, and conclude there is substantial evidence supporting his determination that plaintiff's complaints were not fully credible. The testimony presented at the hearing, as well as the medical evidence contained in the record, are inconsistent with plaintiff's allegations of disability.

First, we note that plaintiff has been fairly active since his alleged onset date. He reported an ability to care for his personal hygiene; do the laundry; change the sheets; take out the trash; wash the car; shop for groceries and clothing; go to the bank and Post Office; prepare sandwiches, frozen dinners, and vegetables; use a checkbook; drive familiar and unfamiliar routes; watch television; listen to the radio; and, read. (Tr. 100-101). *See Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996) (ability to care for one child, occasionally drive, and sometimes go to the store); *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996) (ability to visit neighbors, cook, do laundry, and attend church); *Novotny v. Chater*, 72 F.3d 669, 671 (8th Cir. 1995) (ability to carry out garbage, carry grocery bags, and drive); *Johnston v. Shalala*, 42 F.3d 448, 451 (8th Cir. 1994) (claimant's ability to read, watch television and drive indicated his pain did not interfere with his ability to concentrate); *Woolf v. Shalala*, 3 F.3d 1210, 1213-1214 (8th Cir. 1993) (ability to live alone, drive, grocery shop, and perform housework with some help from a neighbor).

We note that the medical records do contain diagnoses of low intellectual functioning, myositis, hypertension, obesity, residual shortening of the right leg by 3/4 of an inch, and back pain due to obesity. (Tr. 128-130, 121, 137). However, the undersigned is also cognizant of the fact that

7

plaintiff reported working at Abilities Unlimited at the time of the administrative hearing. (Tr. 32). In fact, he indicated that he was working between thirty-five and forty hours per week straightening up hangers and sending them back to Cintas. (Tr. 32). As Abilities Unlimited is a sheltered workshop, we believe that the ALJ was correct in concluding that this work did not constitute substantial gainful activity. *See* 20 C.F.R. § 404.1574(b)(4) (providing a negative presumption for sheltered employment). However, this does constitute evidence of plaintiff's ability to perform some work-related activities on a sustained basis.

In addition, plaintiff testified that he had been attempting to find work, however, was having a difficult time finding a job that did not require him to lift over twenty-five pounds. (Tr. 42). *See Dunahoo v. Apfel*, 241 F.3d 1033, 1037 (8th Cir. 2001) (holding that fact that plaintiff sought work while applying for disability was inconsistent with her complaints of disabling pain). Accordingly, we find plaintiff's eagerness to return to work to be inconsistent with his claim of total disability.

After reviewing the medical records, we also note that plaintiff has not sought consistent treatment for his ailments during the relevant time period. *See Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (holding that ALJ may discount disability claimant's subjective complaints of pain based on the claimant's failure to pursue regular medical treatment). While his attorney submitted additional medical records to the Appeals Council detailing plaintiff's treatment from May 11, 1980, until September 25, 1992, these records bear no relation to plaintiff's condition as of June 16, 2002, his alleged date of onset. In order to be relevant, medical evidence dated outside of the relevant time period must relate to the claimant's condition during the relevant time period. *See Cunningham v. Apfel*, 222 F.3d 496, 502 (8th Cir. 1990) (holding that medical evidence dated after

8

the ALJ's decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision). In fact, during the relevant time period, aside from the general physical examination ordered by the Agency and the RFC assessment conducted by an agency consultative physician, there is no medical evidence to indicate that plaintiff sought treatment for any of his alleged impairments. *See Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004) (holding that lack of objective medical evidence is a factor an ALJ may consider). Had his condition been as severe as alleged, we believe that plaintiff would have sought treatment.

As for the condition concerning his right leg, records indicate that this leg is, indeed, 3/4 of an inch shorter than his left leg. However, there is no indication that this impairment has prevented plaintiff from working. In fact, he indicated that he had received social security benefits from 1980-1982, at which time he requested that his benefits be terminated due to improvement in his condition and an ability to return to work. (Tr. 35). He also stated that he had "special shoes" that made his legs equal lengths. (Tr. 38). *See Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995) (holding that a condition that can be controlled or remedied by treatment cannot serve as a basis for a finding of disability). Further, the record reveals that plaintiff was not receiving any ongoing treatment from a physician for this condition. As such, this condition has clearly not interfered with his ability to perform activities, work-related or otherwise.

We also note that plaintiff has not been taking any medication for his pain. (Tr. 46). Had his back and neck pain been as severe as alleged, it is reasonable to believe that he would have at least been taking some over-the-counter pain medications. In addition, plaintiff indicated that he was

9

AO72A
(Rev. 8/82)

not taking any medication to control his blood pressure, and was not currently participating in a weight-loss program. (Tr. 46). Clearly, this evidence does not support his contention of disability.

In addition, the record does not contain sufficient objective medical evidence upon which to base a conclusion that plaintiff's mental impairments were severe enough to interfere with his ability to work. While the evidence does show that plaintiff suffers from low intellectual and academic abilities, it also reveals that these deficits were not severe enough to interfere with his ability to obtain successful job placement. (Tr. 130). In fact, we note that plaintiff was able to work for a number of years, in spite of this condition. As there is no other evidence in the record to show that plaintiff sought psychiatric treatment or received medication for a psychiatric condition during the relevant time period, we do not find this to be a disabling impairment.

Likewise, there is no evidence to support plaintiff's allegation that his failure to seek medical treatment or obtain medication was due to his inability to afford said treatment. He has presented no evidence to suggest that he has sought low-cost medical treatment from his doctors or other physicians offering low-cost or no-cost medical treatment and medication programs for indigent patients. *See Murphy v. Sullivan*, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). Therefore, the ALJ did not err in concluding that plaintiff's financial condition was not of significance to this case.

Thus, although it is clear that plaintiff suffers with some degree of pain, he has not established that he is unable to engage in any gainful activity. *See Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate

a finding of disability); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993) (holding that, although plaintiff did have degenerative disease of the lumbar spine, the evidence did not support a finding of disabled). Neither the medical evidence nor the reports concerning his daily activities support plaintiff's contention of total disability. Accordingly, we conclude that substantial evidence supports the ALJ's conclusion that plaintiff's subjective complaints were not totally credible.

Plaintiff also contends that the ALJ erred in finding that he maintained the RFC to perform a full range of sedentary work. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his or his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id*.

In the present case, the ALJ considered medical assessments prepared by non-examining agency medical consultant, plaintiff's subjective complaints, and his medical records. On October 15, 2002, Dr. Jerry Thomas completed an RFC assessment of plaintiff. (Tr. 139-147). After

11

reviewing plaintiff's medical records, he concluded that plaintiff could lift ten pounds occasionally and less than ten pounds frequently, stand and walk about two hours during an eight-hour workday, and sit for six hours during an eight-hour workday. (Tr. 140). However, no other limitations were noted. (Tr. 141-146). This assessment was affirmed by Dr. Linda Green on December 5, 2002. (Tr. 146).

We also take note of Dr. Shermer's opinion that plaintiff had only minimal limitations concerning his ability to sit stand, lift, carry, and handle objects, with moderate limitations in his ability to move about. Plaintiff even testified that sitting did not cause severe back pain, unless he attempted to sit all day long. (Tr. 37). Further, the ALJ notes that plaintiff's ability to perform physical activities is limited, somewhat, due to his size, a clear indication that the ALJ considered plaintiff's obesity in combination with his other impairments. (Tr. 19). Accordingly, we find that substantial evidence supports the ALJ's conclusion that plaintiff is capable of performing a full range of sedentary work.

Contrary to plaintiff's argument, the ALJ's failure to obtain a RFC assessment from one of plaintiff's treating physicians does not require reversal. There is no rule that requires the ALJ to obtain an RFC assessment from plaintiff's treating physicians. The ALJ is only required to obtain medical evidence that addresses the claimant's "ability to function in the workplace." *Nevland*, 204 F.3d at 858. In cases like this one, where the ALJ has sufficient medical evidence upon which to base his RFC determination, he is not required to obtain a RFC assessment from a treating physician. Further, in cases where the medical evidence presented by the plaintiff is scant, as here, the ALJ does not err by relying on a consultative examination report provided by an examining doctor. Although

the consultative examiner only examined plaintiff on one occasion, plaintiff has presented no evidence to suggest that he was treated by any physicians during the relevant time period. As the record contains no suggestion that additional medical records exist to establish plaintiff's disability during the relevant time period, the ALJ's RFC determination will stand.

Plaintiff also contends that the ALJ failed to properly develop the record in this case. Specifically, he contends that the ALJ should have ordered additional consultative examinations. An ALJ has a duty to develop the record fully. *See Haley v. Massanari*, 258 F.3d 742, 749-50 (8th Cir. 2001); *McGhee v. Harris*, 683 F.2d 256, 260 (8th Cir.1982) (ALJ's admonition of unrepresented claimant for interrupting vocational expert required him to direct specific questions toward the claimant in order to make sure she understood the line of questioning and to ensure that the record was fully developed). In fact, "'[i]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision.'" *Boyd v. Sullivan,* 960 F.2d 733, 736 (8th Cir.1992) (quoting *Reeves v. Heckler,* 734 F.2d 519, 522 n. 1 (11th Cir.1984)); see also 20 C.F.R. § 404.1519a (2001). However, in the present case, the ALJ ordered a general consultative examination. Further, given the fact that plaintiff neither contends nor presents evidence that he was treated by a physician during the relevant time period , we find that substantial evidence exist in the record that would allow the ALJ to make an informed decision. *See Haley*, 258 F.3d at 749-50; *Anderson v. Shalala,* 51 F.3d 777, 779 (8th Cir.1995) ("'[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision.'") (quoting *Naber v. Shalala,* 22 F.3d 186, 189 (8th Cir.1994)). Furthermore, "'reversal due to failure to develop the record is only

AO72A
(Rev. 8/82)

warranted where such failure is unfair or prejudicial.'" *Shannon,* 54 F.3d 484, 488 (quoting *Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir.1993)). Plaintiff has made no such showing. Therefore, the ALJ did not err in failing to send the claimant for further consultative examinations.

Finally, we address plaintiff's argument that the ALJ erred by finding that he could perform other work existing in significant numbers in the national economy. The ALJ found that plaintiff's residual functional capacity precluded him from performing his past work. (Tr. 21). Relying solely on the vocational grids, he then determined that plaintiff could still perform a significant number of other jobs existing in the economy. Because the ALJ properly discredited plaintiff's subjective complaints of disabling pain, he was not required to consult with a vocational expert and could properly rely solely on the vocational guidelines to make this determination. *Reynolds v. Chater*, 82 F.3d 254, 258-259 (8th Cir. 1996) (holding that when the ALJ properly discredits the claimant's complaint of a nonexertional impairment, he is not required to consult with a vocational expert and may properly rely on the vocational guidelines at step five). As such, he was allowed to take administrative notice of the number of jobs that exist in the national economy at the sedentary work level. *See* 20 C.F.R. § 404, Subpart P, App. 2, Rule 200.00. Therefore, we conclude that substantial evidence supports the ALJ's conclusion that plaintiff was able to perform a significant number of jobs existing in the national economy.

**Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the plaintiff benefits, and thus the decision should be

14

affirmed. The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

DATED this the 26th day of September 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

15

AO72A
(Rev. 8/82)